LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
promero@romerolawny.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    17-CV-1445 (ADS) (AYS)
JAIME CASTRO and EDUARDO MORALES,

                       Plaintiffs,              **SECOND AMENDED COMPLAINT**

   -against-

870 MEAT CORP., 379 PLAZA PRODUCE CORP.
and 870 PRODUCE CORP. d/b/a COMPARE FOODS,
MANUEL PENA, JOSE B. ESPINAL, TEOFILO
GUZMAN, JOSE GUZMAN, and JUAN GUZMAN,

                       Defendants.
------------------------------------------------------------------------X

      Plaintiffs, JAIME CASTRO and EDUARDO MORALES, by and through their attorney, Peter A. Romero, Esq., as and for their Amended Complaint, complaining of the Defendants, allege as follows:

## NATURE OF THE ACTION

      1.     Plaintiffs brings this action to recover unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

5. Defendants did business in the State of New York, within the Eastern District of New York, and maintained places of business at 868 Middle Country Road, Middle Island, New York and 379 Horseblock Road, Farmingville, New York.

## PARTIES

6. The Plaintiff, JAIME CASTRO, is a resident of the County of Suffolk, State of New York.

7. At all times relevant to the complaint, Plaintiff, JAIME CASTRO, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

8. Plaintiff, JAIME CASTRO, was a non-exempt employee of Defendants from February 2014 to November 2016.

9. The Plaintiff, EDUARDO MORALES, is a resident of the County of Suffolk, State of New York.

10. At all times relevant to the complaint, Plaintiff, EDUARDO MORALES, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

11. Plaintiff, EDUARDO MORALES, was a non-exempt employee of Defendants from 2004 to October 2016.

12. Upon information and belief, Defendant, 870 MEAT CORP. d/b/a COMPARE FOODS, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

13. At all times relevant, Defendant, 870 MEAT CORP. d/b/a COMPARE FOODS, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

14. Upon information and belief, Defendant, 379 PLAZA PRODUCE CORP. d/b/a COMPARE FOODS, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

15. At all times relevant, Defendant, 379 PLAZA PRODUCE CORP. d/b/a COMPARE FOODS, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

16. Upon information and belief, Defendant, 870 PRODUCE CORP. d/b/a COMPARE FOODS, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

17. At all times relevant, Defendant, 870 PRODUCE CORP. d/b/a COMPARE FOODS, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

18. At all times relevant, the Defendant, MANUEL PENA, had authority to make payroll and personnel decisions for COMPARE FOODS.

19. At all times relevant, the Defendant, MANUEL PENA, was and still is active in the day to day management of COMPARE FOODS, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff and employees similarly situated to Plaintiff.

20. At all times relevant, the Defendant, MANUEL PENA, was and still is an "employer" within the meaning of federal and state wage and hour laws.

21. At all times relevant, the Defendant, JOSE B. ESPINAL, had authority to make payroll and personnel decisions for COMPARE FOODS.

22. At all times relevant, the Defendant, JOSE B. ESPINAL, was and still is active in the day to day management of COMPARE FOODS, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff and employees similarly situated to Plaintiff.

23. At all times relevant, the Defendant, JOSE B. ESPINAL, was and still is an "employer" within the meaning of federal and state wage and hour laws.

24. At all times relevant, the Defendant, TEOFILO GUZMAN, had authority to make payroll and personnel decisions for COMPARE FOODS.

25. At all times relevant, the Defendant, TEOFILO GUZMAN, was and still is active in the day to day management of COMPARE FOODS, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff and employees similarly situated to Plaintiff.

26. At all times relevant, the Defendant, TEOFILO GUZMAN, was and still is an "employer" within the meaning of federal and state wage and hour laws.

27. At all times relevant, the Defendant, JOSE GUZMAN, had authority to make payroll and personnel decisions for COMPARE FOODS.

28. At all times relevant, the Defendant, JOSE GUZMAN, was and still is active in the day to day management of COMPARE FOODS, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff and employees similarly situated to Plaintiff.

29. At all times relevant, the Defendant, JOSE GUZMAN, was and still is an "employer" within the meaning of federal and state wage and hour laws.

30. At all times relevant, the Defendant, JUAN GUZMAN, had authority to make payroll and personnel decisions for COMPARE FOODS.

31. At all times relevant, the Defendant, JUAN GUZMAN, was and still is active in the day to day management of COMPARE FOODS, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff and employees similarly situated to Plaintiff.

32. At all times relevant, the Defendant, JUAN GUZMAN, was and still is an "employer" within the meaning of federal and state wage and hour laws.

## **FACTS**

33. The Defendants have operated supermarkets in Middle Island, New York and Farmingville, New York.

34. Plaintiff, JAIME CASTRO, was employed as a non-exempt employee by Defendants from February 2014 to November 2016.

35. Plaintiff, JAIME CASTRO, maintained and cleaned the supermarkets operated by Defendants in Middle Island and Farmingville.

36. Plaintiff, JAIME CASTRO, regularly worked from 8:30 p.m. to 7:30 a.m., six days per week. Plaintiff sometimes worked additional hours when necessary. His regular day off was Tuesday.

37. Throughout his employment with Defendants, Plaintiff, Plaintiff, JAIME CASTRO, regularly worked more than forty hours in a workweek.

38. Plaintiff, Plaintiff, JAIME CASTRO, worked more than forty hours in most workweeks in which he was employed by Defendants but was not paid overtime pay.

39. Plaintiff, EDUARDO MORALES, was employed as a non-exempt employee by Defendants from 2004 to October 2016.

40. Plaintiff, EDUARDO MORALES, maintained and cleaned the supermarkets operated by Defendants in Farmingville.

41. Beginning in or about 2013, Plaintiff, EDUARDO MORALES, regularly worked from 9:00 p.m. to 7:30 a.m., six days per week. Plaintiff's regular day off was Saturday. Prior to 2013, Plaintiff worked seven days per week.

42. Throughout his employment with Defendants, Plaintiff, EDUARDO MORALES, regularly worked more than forty hours in a workweek.

43. Plaintiff, EDUARDO MORALES, worked more than forty hours in most workweeks in which he was employed by Defendants but was not paid overtime pay.

44. The Defendants had control over the conditions of Plaintiffs' employment, work schedule, the rates and methods of payment of Plaintiffs' wages and the maintenance of their employment records.

45. Defendants paid Plaintiff at times, wholly or partially in cash, without providing an accurate indication as to their rate of pay, the hours worked each day, and the total number of hours worked each week.

46. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiffs a premium for the hours they worked after forty (40) hours per week in violation of the FLSA.

47. Plaintiffs regularly worked in excess of ten hours in a single day but did not receive spread-of-hours pay.

48. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiffs.

49. Defendants unlawfully failed to pay Plaintiff proper compensation in violation of NYLL Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

50. Defendants failed to provide written notice to Plaintiff of his rate of pay; basis of his rate of pay; the regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the New York State Labor Law.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT)**

51. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

52. Defendants failed to pay Plaintiffs minimum wages for all hours worked in any given week in violation the FLSA.

53. Defendants' violations of the FLSA have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

54. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

55. As a result of Defendants' unlawful acts, Plaintiffs are entitled to recover minimum wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT)**

56. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

57. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiffs a premium for the hours he worked after forty (40) hours per week in violation of the FLSA.

58. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

59. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

60. As a result of Defendants' unlawful acts, Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## THIRD CLAIM FOR RELIEF
## (NEW YORK LABOR LAW)

61. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

62. Defendants failed to pay Plaintiffs minimum wages for all hours worked in any given week in violation the NYLL.

63. Defendants' violations of the NYLL have been willful and intentional. Defendants have not made a good faith effort to comply with the NYLL with respect to their compensation of Plaintiffs.

64. As a result of Defendants' unlawful acts, Plaintiffs are entitled to recover minimum wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to New York Labor Law §650 et seq. and the supporting New York State Department of Labor Regulations.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR OVERTIME WAGES

65. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

66. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiffs overtime pay for the hours they worked after forty (40) hours per week in violation of New York Labor Law.

67. By Defendants' failure to pay Plaintiffs overtime wages for hours worked after 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

68. Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CLAIM FOR RELIEF
### NEW YORK SPREAD OF HOURS

69. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

70. Plaintiffs regularly worked more than ten hours in a single day.

71. Defendants did not pay Plaintiffs an additional hour's pay when they worked more than ten hours in a day.

72. Defendants' failure to pay Plaintiffs spread-of-hours pay was willful.

73. Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### SIXTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW SECTION 195

74. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendants failed to provide Plaintiffs with notice of his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law §195. Defendants' failed to provide Plaintiffs a statement with their wages as required by Labor Law §195(3).

76. Plaintiffs are entitled to penalties pursuant to New York Labor Law §195.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

(i.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii.) Unpaid wages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv.) Damages pursuant to New York State Labor Law §195;

(v.) All attorneys' fees and costs incurred in prosecuting these claims; and

(vi.) Such other relief as this Court deems just and proper.

Dated: Babylon, New York
May 31, 2017

                              LAW OFFICE OF PETER A. ROMERO PLLC

By:       /s
              _____
              Peter A. Romero (PR-1658)
              103 Cooper Street
              Babylon, New York 11702
              Tel. (631) 257-5588
              promero@romerolawny.com

              *Attorney for Plaintiff*