UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMIE CASTRO, EDUARDO MORALES,

                Plaintiffs,

        -against-

870 MEAT CORP., 379 PLAZA PRODUCE CORP.
*doing business as* Compare Foods, MANUEL PENA,
JOSE B. ESPINAL, TEOFILO GUZMAN, JOSE
GUZMAN, JUAN GUZMAN, 870 PRODUCE CORP.
*doing business as* Compare Foods,

                Defendants.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 12 2017 ★
LONG ISLAND OFFICE

**MEMORANDUM OF
DECISION & ORDER**
17-cv-1445 (ADS)(AYS)

**APPEARANCES:**

**Law Office of Peter A. Romero**
*Attorneys for the Plaintiffs*
103 Cooper Street
Babylon, NY 11702
        By:    Peter A. Romero, Esq., Of Counsel

**Law Offices of Stephen D. Hans**
*Attorneys for the Defendants 379 Plaza Produce Corp., Teofilo Guzman, Jose Guzman, and Juan Guzman*
45-18 Court Square, Suite 403
Long Island City, NY 11101
        By:    Stephen D. Hans, Esq., Of Counsel

**NO APPEARANCES:**

**870 Meat Corp., Manuel Pena, Jose B. Espinal, 870 Produce Corp.**
*The Defendants*

**SPATT, District Judge:**

       The Plaintiffs Jamie Castro and Eduardo Morales brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") against

the Defendants 870 Meat Corp. ("870 Meat"), 379 Plaza Produce Corp. ("379 Plaza"), Manuel Pena ("Pena"), Jose B. Espinal ("Espinal"), Teofilo Guzman, Jose Guzman, Juan Guzman, and 870 Produce Corp. ("870 Produce") for alleged unpaid overtime, damages and attorneys' fees.

On June 15, 2017, the Plaintiffs filed a notice of acceptance with offer of judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Rule") 68.

Although the Second Circuit has stated in *Cheeks v. Freeport Pancake House*, 796 F.3d 199, 206 (2d Cir. 2015) that district courts must approve FLSA settlements, judicial approval of an offer of judgment pursuant to Rule 68 may be unnecessary.

The Second Circuit has not yet ruled on this issue, and district courts in the circuit are divided. *See Anwar v. Stephens*, No. 15-cv-4493 (JS)(GRB), 2017 WL 455416, at *1 (E.D.N.Y. Feb. 2, 2017) (collecting cases that stand for the proposition that "judicial approval is not required for Rule 68 offers of judgment," and stating that those courts form the majority); *cf. Mei Xing Yu v. Hasaki Restaurant, Inc.*, --- F.R.D. ---, No. 16-cv-6094 (JMF), 2017 WL 1424323 at *6 (collecting cases that "conclude that Rule 68 does not override the need for judicial [] [] approval of a settlement of claims under the FLSA," but admitting that those courts are in the minority).

Rule 68 explicitly states that after either party files a notice of acceptance of an offer of judgment, the Clerk of the Court "must then enter judgment." This Court will not ignore such plainly mandatory language; holding otherwise "would constitute a judicial rewriting of Rule 68." *Arzeno v. Big B World, Inc.*, 317 F.R.D. 440, 441 (S.D.N.Y. 2016)

Accordingly, this Court joins the "majority of district courts in this Circuit [that] have held that judicial approval is not required for Rule 68 offers of judgment." *Anwar*, 2017 WL 455416 at *1.

Therefore, the Court accepts the offer of judgment and the Clerk of the Court is respectfully directed to close the case.

It is **SO ORDERED:**

Dated: Central Islip, New York
September 12, 2017

/s/ Arthur D. Spatt USDJ

ARTHUR D. SPATT

United States District Judge